UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALTER VEGA,

       Plaintiff,

v.                                                 Case No: 2:16-cv-84-FtM-38CM

STATE OF FLORIDA, FRED R.
KAHLE, CITY OF FORT MYERS,
JOHN TOBECK, ALLIGATOR
TOWING COMPANY and UNION
CORRECTIONAL INSTITUTION
MEDICAL DEPT.,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff Walter Vega's Motion for Leave to Appeal *In Forma Pauperis* and for Appointment of Counsel (Doc. #56) filed on November 16, 2017. On April 21, 2017, the Court dismissed Plaintiff's case for failure to state a claim because his excessive force claims were filed eight years after the expiration of the statute of limitations.

Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, Petitioner's appeal is not taken in good faith as his claims are legally barred by the statute of

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

limitations. Therefore, he will be required to pay the $505.00 appellate filing and docketing fees. *See McIntosh v. United State Parole Comm.*, 115 F.3d 809, 812 (10th Cir. 1997) (Petitioner must demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."). Plaintiff has not identified any meritorious issues to raise on appeal. Because the Court has certified that this appeal is not taken in good faith, any request to proceed *in forma pauperis* should be sent directly to the Eleventh Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

Plaintiff also moves the Court to appoint counsel on appeal. The United States Supreme Court has stated that "[t]he pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). An action filed under 42 U.S.C. § 1983 is civil in nature and does not affect a plaintiff's physical liberty. Thus, any plaintiff in a civil action, regardless of his status, has no constitutional right to counsel. *Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir. 1999). The Court has found that any appeals in this case are not taken in good faith because Plaintiff's case was dismissed for failure to state a claim. Consequently, to the extent that Plaintiff seeks appointment of counsel on appeal, the Motion is denied and he should seek such relief from the Eleventh Circuit Court of Appeals.

Accordingly, it is now

**ORDERED:**

Plaintiff Walter Vega's Motion for Leave to Appeal *In Forma Pauperis* and for Appointment of Counsel (Doc. #56) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of December, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Walter Vega
All Counsel of Record
SA: FTMP-2